# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CCBCC OPERATIONS LLC,**
**Employer Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0768**  (BOR Appeal No. 2051813)
(Claim No. 2015015570)

**HENRI COONTS,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner CCBCC Operations LLC, by James Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Henri Coonts, by Robert Stultz, his attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability resulting from the compensable injury. This appeal arises from the Board of Review's Order dated August 14, 2017, in which the Board reversed a February 10, 2017, Final Decision of the Workers' Compensation Office of Judges, and granted Mr. Coonts a 10% permanent partial disability award. In its decision, the Office of Judges affirmed the claims administrator's August 26, 2015, decision which granted Mr. Coonts a 3% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coonts sustained an injury to his left shoulder on August 29, 2014, while pulling a case of soda weighing about thirty-five pounds. After suffering significant pain for three weeks following his injury, Mr. Coonts treated with Lucas J. Pavlovich, M.D., on October 14, 2014. Dr. Pavlovich found that Mr. Coonts's left shoulder could forward flex passively to 120 degrees compared to 170 degrees with his right shoulder. Radiographs of Mr. Coonts's left shoulder

1

revealed degenerative changes of the glenohumeral joint consistent with osteoarthritis. Dr. Pavlovich assessed Mr. Coonts with left shoulder strain, as well as arthritis flare. Physical therapy was recommended.

Mr. Coonts was again treated by Dr. Pavlovich for a follow-up evaluation on November 3, 2014. On the morning of the evaluation, Mr. Coonts suffered a fall, landing mostly on his back, but also on his left shoulder. At the time of examination, he was suffering increased pain. Dr. Pavlovich advised Mr. Coonts to continue with physical therapy with lifting restrictions limited to ten pounds or less.

On March 20, 2015, Mr. Coonts underwent surgery at Davis Medical Center on his left shoulder. The pre-operative diagnosis was left shoulder osteoarthritis, AC osteoarthritis, as well as internal derangement. Dr. Pavlovich performed an arthroscopic subacromial decompression, distal clavicle resection, as well as loose body removal. The operative report indicates that the articular surfaces of the glenoid and humeral head revealed eburnated bone with degenerative changes within the labrum. The postoperative diagnosis was listed as left shoulder osteoarthritis, AC osteoarthritis, as well as internal derangement.

Following his surgery, Mr. Coonts followed up with Dr. Pavlovich on July 9, 2015. Dr. Pavlovich noted that he continued to have arthritic changes causing part of his pain as well as stiffness. Based upon a recent functional capacity evaluation, Mr. Coonts was limited to working in a sedentary position with no lifting away from his body and no driving commercial vehicles. Dr. Pavlovich offered Mr. Coonts options of continued therapy, cortisone injections of the glenohumeral joint, or a shoulder replacement. He was discharged with the listed permanent restrictions.

P. Kent Thrush, M.D., an orthopedic surgeon, evaluated Mr. Coonts on July 20, 2015, for an independent medical evaluation. Dr. Thrush found that Mr. Coonts had a well healed puncture, and arthroscopic scars on the left shoulder with no evidence of infection. Mr. Coonts had pain with range of motion of the left shoulder. Dr. Thrush found that the prior x-rays are consistent with moderately advanced arthritis of the left shoulder. An MRI performed at Davis Memorial Hospital on September 16, 2014, indicated degenerative changes involving the acromioclavicular and glenohumeral joints with cystic degenerative changes involving the head and glenoid, multiple suspected loose bodies, and the rotator cuff was felt to be intact. Dr. Thrush diagnosed Mr. Coonts with left shoulder sprain on top of pre-existing advanced degenerative arthritis of the left shoulder. The prognosis for the shoulder sprain was listed as being good, but the general prognosis for the left shoulder was listed as poor. Dr. Thrush stated that Mr. Coonts has advanced pre-existing arthritis of the left shoulder that takes years for this type of degenerative process to progress. Dr. Thrush noted that Mr. Coonts reported that he has had three or four other episodes of pain in his left shoulder while working for Coca-Cola for the last ten years. However, he did not miss work prior to the episode on August 29, 2014. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Thrush determined that one-third of Mr. Coonts's whole man impairment is secondary to the shoulder sprain and two-thirds is secondary to his advanced pre-existing degenerative arthritis of the shoulder. The one-third assessment translated to 5% upper extremity impairment.

The 5% upper extremity impairment translates to 3% whole man impairment. Therefore, Dr. Thrush concluded that Mr. Coonts had reached his maximum degree of medical improvement with 3% whole man impairment secondary to the injury of August 29, 2014.

On August 26, 2015, the claims administrator granted Mr. Coonts a 3% permanent partial disability award based upon the opinion of Dr. Thrush. Mr. Coonts protested the Order of the claims administrator. During the litigation process, Mr. Coonts was evaluated for an independent medical examination by Bennett D. Orvik, M.D., on April 19, 2016. Dr. Orvik reviewed the prior medical reports of Dr. Pavlovich, as well as the independent medical examination completed by Dr. Thrush. Dr. Orvik noted that there is no history of any prior left shoulder injuries or problems in this claim. After examination, Mr. Coonts was found to have significant impairment with regard to his left shoulder. Using the American Medical Association's *Guides*, Dr. Orvik found 16% upper extremity impairment, which converts to 10% whole person impairment. In his report, Dr. Orvik stated, "Dr. Thrush felt that two-thirds of this injury was related to previous arthritic problems, however there is no history of any previous shoulder injuries, so my recommendation would be 10% whole person impairment."

On February 10, 2017, the Office of Judges concluded that the preponderance of the evidence shows that Mr. Coonts has 3% whole person impairment from the injury occurring on August 29, 2014. Although Dr. Thrush and Dr. Orvik made similar findings regarding upper extremity impairment, Dr. Thrush concluded that apportionment should be made between the shoulder injury in the claim and Mr. Coonts's pre-existing degenerative arthritis. Dr. Orvik opined that apportionment was not needed because Mr. Coonts does not have a history of previous shoulder injuries. The Office of Judges found that the preponderance of the evidence supports 3% whole person impairment as determined by Dr. Thrush. Mr. Coonts appealed the decision of the Office of Judges.

On August 14, 2017, the Board of Review found that the conclusions listed in the Final Decision of the Office of Judges were clearly wrong in view of the reliable, probative and substantial evidence of the whole record. The Board noted that the record reflects that Mr. Coonts suffers from pre-existing degenerative changes in the left shoulder. However, the Board further noted that the record does not show that Mr. Coonts was symptomatic or that it caused him to miss work prior to his compensable injury on August 29, 2014. The Board concluded that Dr. Thrush's apportionment of two-thirds of the impairment to degenerative arthritis is arbitrary and not supported by the evidence of record. The Board found that Mr. Coonts is entitled to a 10% award based upon the reliable opinion of Dr. Orvik.

We agree with the decision of the Board of Review. West Virginia Code § 23-4-9b (2003) requires that the degree of a definitely ascertainable pre-existing impairment resulting from an occupational or a non-occupational injury, disease or any other cause be taken into account in determining the amount of compensation allowed by reason of the compensable injury. The determination of a definitely ascertainable pre-existing impairment is essentially a finding that a claimant had a permanent partial disability in an amount certain prior to his or her compensable injury. Although the Board of Review determined that Mr. Coonts's medical record reflects pre-existing degenerative changes in his left shoulder, the Board concluded that the

3

record does not show that Mr. Coonts was symptomatic causing him to miss work prior to the compensable injury. The findings and opinions of Dr. Orvik are relevant, credible, material and reliable. The Board did not err in granting Mr. Coonts a 10% permanent partial disability award, which is an additional 7% above and beyond the 3% award that was granted by the claims administrator.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker